Reza Sina, Esq. (Cal. Bar No. 250428)
reza@sinalawgroup.com
Sina Law Group
888 West 6th Street, 11th Fl.
Los Angeles, CA 90017
Telephone: (310) 957-2057
Fax: (425) 409-0763
Attorney for Plaintiffs
CANDE'S LIQUOR and ALFREDO MARTINEZ BRITO

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CANDE'S LIQUOR,<br><br>-and-<br><br>ALFREDO MARTINEZ BRITO, as Owner<br><br>PLAINTIFFS,<br><br>-v-<br><br>UNITED STATES OF AMERICA,<br><br>DEFENDANT. | Case No.<br><br>**COMPLAINT PURSUANT TO 7 USC § 2023(13) FOR A TRIAL DE NOVO AND REVIEW OF USDA DECISION**<br><br>**JURY TRIAL DEMANDED** |

1

Plaintiffs Cande's Liquor (the "Store"), and Alfredo Martinez Brito, (the "Individual Plaintiff", and collectively, the "Plaintiffs") through their attorneys, the Sina Law Group, and Spodek Law Group, P.C., respectfully allege as follows:

## NATURE OF THE CLAIM

1. This is an action seeking and judicial review of an order (the "Order") from the Supplemental Nutrition Assistance Program ("SNAP") imposed by the Food and Nutrition Services ("FNS") permanently disqualifying Plaintiffs from participating in the food stamp program for based on alleged violations of regulations prohibiting trafficking of SNAP benefits, asserting claims for a trial *de novo* of a final agency decision by the United States Department of Agriculture-FNS.

2. Jurisdiction of this Court is invoked pursuant to 7 U.S.C. §§ 2011, et seq. and, more specifically, 7 U.S.C. § 2023(13).

3. The Store, which is the subject of the Order of the United States Department of Agriculture, is in the City of Los Angeles, State of California, which is within the jurisdiction of the United States District Court for the Central District of California.

4. This Court is empowered to review the Order pursuant to 7 U.S.C. § 2023.

## THE PARTIES

5. Plaintiff Cande's Liquor is a market with a principal place of business at 416 E. Anaheim Street, in the Wilmington section of Los Angeles, California 90744.

6. Individual Plaintiff Alfredo Martinez Brito is an individual who resides within the State of California and is the owner of the Store.

7. Defendant United States of America (the "Defendant") formed, maintains and controls the United States Department of Agriculture ("USDA" or "Department" or "Agency"), of which the Food and Nutrition Service is a subsidiary. The Food and Nutrition Service ("FNS") of the United States Department of Agriculture administers the Supplemental Nutrition Assistance Program ("SNAP") program by, in part, issuing Electronic Benefits Transfer (EBT) cards to eligible users who purchase eligible food items from retailers that the FNS authorizes as qualified SNAP participants. The retailer is reimbursed for each eligible EBT purchase.

## BACKGROUND FACTS

8. At all relevant times, the Store was an authorized participant in the Supplemental Nutrition and Assistance Program, administered by the USDA's Food and Nutrition Services.

9. After allegedly conducting an investigation into Plaintiffs from on or about March 2-6, 2021, on or about April 13, 2021 Plaintiffs received Defendant's Charge Letter, whereby the Department levied charges against the Store relating to the alleged trafficking of SNAP benefits as demonstrated through alleged sales of an energy drink to Store personnel, who are alleged to have known said energy products were purchased using SNAP benefits before being resold to Plaintiffs for cash. *See*, Final Agency Decision, dated July 28, 2021 as **Exhibit A**.

10. On or about April 23, 2021 ("April 2021 Response"), without the benefit of discovery, and limited to a little more than a week to compile a complete response to the Defendant's allegations, Plaintiffs responded to the initial charges, in writing, detailing that Plaintiffs had no prior knowledge of the alleged trafficking activities. Plaintiffs further sought leniency and explained it had in place policies and procedures to ensure that SNAP guidelines were followed, and thus were deserving and eligible for a Civil Monetary Penalty ("CMP").

11. In furtherance of its request for a CMP, Plaintiffs submitted, *inter*

*alia,* documentation of its compliance policy and training program, statements from the owner, statements from employees, training logs, and other documentation.

12. By letter dated May 5, 2021 the Department rendered its decision, permanently disqualifying the Store from participation in SNAP, and denied Plaintiffs' request for a civil monetary penalty, asserting that Plaintiffs had not provided enough evidence to find a compliance policy and program existed at the Store prior to the date of the alleged violations.

13. On or about May 10, 2021 Plaintiffs requested administrative review of the Agency's May 5, 2021 decision.

14. As such, on or about June 14, 2021 Plaintiffs submitted additional documentation and corresponding explanations for why Plaintiffs had not intentionally trafficked any SNAP benefits and regardless, it presented evidence which merited a CMP instead of disqualification.

15. Notwithstanding Plaintiffs' appeal of this decision, On July 28, 2021 the Department issued a final decision upholding the permanent disqualification from FNS.

16. The general purpose of SNAP is to provide food benefits (formerly "food stamps") to program participants who meet certain financial need

requirements. SNAP participants are awarded benefits (money) issued on a state-by-state basis in varying amounts based upon the needs of their household. These benefits are transmitted to, and utilized by the participant, through an EBT card, which conceptually functions similar to a debit card.

17. Authorized SNAP retailers are governed by Defendant through 7 C.F.R. § 278.6 which in pertinent part permits the disqualification or suspension of retailers who violate SNAP regulations.

18. Here in the instant matter, Plaintiffs have been charged by the Agency with trafficking in SNAP benefits. The term "trafficking" is defined at length by 7 C.F.R. § 271.2, which states in pertinent part that trafficking is: "(1) the buying, selling, stealing, or otherwise effecting an exchange of SNAP benefits issued and accessed via Electronic Benefit Transfer (EBT) cards, card numbers and personal identification numbers (PINs), or by manual voucher and signature, for cash or consideration other than eligible food, either directly, indirectly, in complicity or collusion with others, or acting alone; (2) the exchange of firearms, ammunition, explosives, or controlled substances, as defined in 21 U.S.C. §802, for SNAP benefits; (3) purchasing a product with SNAP benefits that has a container requiring a return deposit with the intent of obtaining cash by discarding the product and returning the container for the deposit amount, intentionally

discarding the product, and intentionally returning the container for the deposit amount; (4) purchasing a product with SNAP benefits with the intent of obtaining cash or consideration other than eligible food by reselling the product, and subsequently intentionally reselling the product purchased with SNAP benefits in exchange for cash or consideration other than eligible food; (5) intentionally purchasing products originally purchased with SNAP benefits in exchange for cash or consideration other than eligible food; or (6) attempting to buy, sell, steal, or otherwise affect an exchange of SNAP benefits issued and accessed via Electronic Benefit Transfer (EBT) cards, card numbers and personal identification numbers (PINs), or by manual voucher and signatures, for cash or consideration other than eligible food, either directly, indirectly, in complicity or collusion with others, or acting alone." *See,* 7 C.F.R. § 271.2.

19. Defendant erred in determining that Plaintiffs were ineligible for a CMP, as Plaintiffs provided conclusive evidence that it met the four criterion established at 7 C.F.R. § 278.6(i). Specifically, Plaintiffs submitted a voluminous amount of evidence demonstrating compliance with 7 C.F.R. §278.6(i).

20. Furthermore, Defendant's two proffered reasons for denying Plaintiffs a CMP are patently devoid of merit. To wit, Defendant first asserted that Plaintiffs were ineligible because it failed to demonstrate the existence of a

compliance policy, and upon administrative review, determined that Plaintiffs had failed to timely request a CMP.

21. In reality, not only did Plaintiff timely request the issuance of a CMP, but it further provided extensive documentation which establishes that it always has had, and continues to have, a compliance policy in place.

22. Moreover, pursuant to 7 C.F.R. § 278.6(d), FNS in determining the appropriate penalty must consider (1) The nature and scope of the violations committed by personnel of the firm, (2) Any prior action taken by FNS to warn the firm about the possibility that violations are occurring, and (3) Any other evidence that shows the firm's intent to violate the regulations.

23. Plaintiffs has never been warned and never before been sanctioned for violation of SNAP laws or regulations. Plaintiff has never been denied SNAP payments or reimbursement based on any SNAP program violation.

24. Plaintiffs are not aware, nor has he ever been notified or warned, of any irregularities in their compliance with SNAP laws or regulations that might warrant his store being targeted for a surreptitious investigation of his compliance.

25. At no time between the Store's inception and the date of the disqualification decision did the FNS Regional Office consider issuing a warning letter as required by 7 C.F.R. § 278.6(d)(2).

26. The Final Agency Decision did not find that the Regional Office complied with 7 C.F.R. § 278.6(d)(2) by considering prior efforts to warn plaintiff, or any of the other factors enumerated at §278.6(d).

27. The FNS made no specific findings as to carelessness or lack of supervision by Plaintiffs, nor did it make a finding with respect to other evidence demonstrating intent by the Store to violate SNAP regulations.

28. The FNS did not find that the Plaintiffs personally participated in any alleged unlawful SNAP transactions.

29. Plaintiffs have exhausted its administrative remedies, and accordingly, are entitled to a judicial trial *de novo* of the administrative action, and seeks reversal of the finding of a SNAP violation and the disqualification of the Store from SNAP participation

**STATEMENT OF CLAIMS**
**AS AND FOR A FIRST CAUSE OF ACTION**
**(For Judicial Review of the Order and Trial *de novo*)**

30. Plaintiffs repeat, reiterate and reallege each and every allegation made in the foregoing paragraphs, as if fully set forth at length herein.

31. Under the laws governing the Act, a plaintiff is usually entitled to a trial *de novo* by a court to "determine the validity of the questioned administrative action" as well as a trial *de novo* of whether the FNS followed the Act and

regulations in failing to credit Plaintiffs assertions and evidence, as well as whether the violation resulted from carelessness or poor supervision, whether the Department considered any prior warnings to the Store, and whether FNS decision to impose said penalty was arbitrary and capricious. *See*, 7 U.S.C. § 2023.

32. Here, the guidelines purportedly followed by SNAP allow a civil monetary penalty in lieu of a disqualification pursuant to 7 C.F.R. § 278(i).

33. In the instant case, Plaintiffs have clearly demonstrated their entitlement to a civil monetary penalty in lieu of disqualification. As the administrative record reflects, Plaintiffs have submitted evidence, including but not limited to training and compliance documentation and statements from the owner and employees which satisfy the criteria necessary to qualify for a civil monetary penalty. Defendant's refusal to award Plaintiffs' a CMP is arbitrary and capricious and not based in fact or law, as Plaintiffs submitted all requisite documentation to establish its eligibility, and Defendant's explanation for its failure to issue said CMP to Plaintiffs is patently devoid of merit.

34. FNS failed to properly account for Plaintiffs' explanations as to its employees' alleged actions. Moreover, the alleged violative products allegedly purchased by Plaintiffs' former employees were never sold by or for the Store.

35. Pursuant to 7 C.F.R. §§ 2023(13) and 2023(15), Plaintiff is entitled to

a trial *de novo* on whether he violated a provision of the Act or a regulation under the Act, including trial *de novo* of whether the FNS followed the Act and regulations in finding the violation occurred as alleged.

36. Plaintiffs have been aggrieved by the determination of the USDA and aver that the agency's findings are unsupported by reliable probative evidence and are otherwise the product of unlawful agency action.

37. As such, the Order should be extinguished.

38. Even if a trial *de novo* is not awarded, the penalty imposed was arbitrary and capricious.

39. Additionally, FNS violated its own regulations, 7 C.F.R. § 278.6(d)(2)-(3), which imposes a mandatory requirement that the FNS Regional Office making a disqualification or penalty determination consider prior action taken by FNS to warn the retailer about the possibility violations are occurring. The FNS never considered this prior action.

40. Plaintiff respectfully requests that the court vacate the Final Agency Decision and immediately reinstate the Plaintiff as a SNAP participant, because:

- The FNS violated its own regulations and thus cannot impose any sanction;
- FNS has acted arbitrarily and capriciously and violated its own

regulations in imposing a penalty of permanent disqualification;

- The permanent disqualification will cause hardship to SNAP recipients in the area surrounding the plaintiffs' store.

41. Alternatively, the Court should either: find no sanction appropriate, but direct issuance of a written warning; or reduce the disqualification to a reasonable civil money penalty.

42. No prior relief has been requested.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

A. *De novo* review of the Order and the subsequent extinguishment thereof; or

B. Extinguishment of the Order as FNS has acted arbitrarily and capriciously and violated its own regulations in imposing a penalty of permanent disqualification without properly considering all statutory factors and by failing to accept Plaintiffs assertions and explanations as to the transactions identified in the

Charge Letter; or

C. An Order finding that FNS has acted arbitrarily and capriciously in denying Plaintiffs' request for a CMP, and that FNS should issue the CMP in lieu of disqualification; and

D. Grant such further relief as this Court deems necessary and proper in the public interest; and

E. Order Defendants to reimburse Plaintiffs for all costs and fees associated with the commencement and prosecution of this lawsuit.

## JURY TRIAL DEMAND

Plaintiffs request a jury trial on all questions of fact raised by their complaint.

Dated: Los Angeles, CA
August 26, 2021

**SINA LAW GROUP**

/s/
_____

1  
2  
3  
4  
5  
6  
7  
8

BY: Reza Sina, Esq.  
*Attorney for Plaintiffs*  
888 West 6th Street, 11th Fl.  
Los Angeles, CA 90017  
(310) 957-2057  
Cal. Bar No. 250428